UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AMOUNT $ 150

SUMMONS ISSUED

LOCAL RULE 4.1

WAIVER FORM

MCF ISSUED

BY DPTY. CLK.

DATE

| | |
|---|---|
| JOSEPH D. GILARDI ) | |
| ) | |
| Plaintiff, ) | **04  10703 RWZ** |
| ) | |
| vs. ) | CIVIL ACTION NO: |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | MAGISTRATE JUDGE *Alexander* |
| CORPORATION, d\b\a AMTRAK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

## PARTIES

1.     At all times relevant hereto, the plaintiff, Joseph D. Gilardi ("Gilardi"), a citizen of the Commonwealth of Massachusetts residing at 42 Windsor Street, Melrose, MA, was an employee of the defendant, National Railroad Passenger Corporation, d\b\a Amtrak ("Amtrak").

2.     Amtrak is a railroad corporation authorized and/or licensed to do business in the Commonwealth of Massachusetts, and is and was at all times mentioned doing business within the jurisdiction of this Court as a common carrier in interstate commerce.

3.     At all times relevant hereto, Amtrak owned and operated in interstate commerce a railroad that passes through the Commonwealth of Massachusetts, and was an interstate carrier engaged in interstate transportation and commerce.

## JURISDICTION

4.     This action arises under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.

L:\12865\pldg\01

-1-

5.      At the time of the injuries set out in this complaint, Gilardi was working in furtherance of interstate commerce and participating in work that directly, closely, and substantially affected the general interstate commerce carried on by Amtrak.

## CLAIM FOR RELIEF

6.      On or about July 22, 2002, while in the employ of Amtrak and in the regular course of his duties inspecting a train in Somerville, Massachusetts, Gilardi was caused to fall and to incur injuries from unsafe conditions in and around the area of inspection, including the presence of a wood block and other object(s) in the area of inspection.

7.      Gilardi's injuries were caused by the negligence of Amtrak, in that Amtrak failed to comply with The Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., in among other reasons to be shown at trial:

    a.      Amtrak, its agents, and employees negligently and carelessly failed to provide plaintiff with a safe place to work.

    b.      Amtrak, its agents, and employees negligently and carelessly failed to provide plaintiff with adequate, effective, and efficient instructions.

    c.      Amtrak, its agents, and employees failed to provide plaintiff with adequate time to carry out his duties.

    d.      Amtrak, its agents, and employees failed to comply with its own well-established safety regulations.

8.      The injuries suffered by Gilardi as a result were serious, severe, and permanent, and in no way caused by his own actions.

9.      As a result of his injuries, Gilardi lost, and will in the future continue to lose income; will in the future continue to suffer, great physical pain and mental anguish; and, was

L:\12865\pldg\01

required to expend, and will in the future continue to be required to expend, large sums of money for medical expenses.

WHEREFORE, Gilardi requests judgment against the defendant Amtrak in the amount to be determined at trial, plus interest, costs and reasonably attorney's fees, and for such other relief to which he may be entitled.

## JURY DEMAND

Plaintiff demands a trial by jury.

JOSEPH D. GILARDI
By his attorneys,

Date: April 6 , 2004

Bertram E. Snyder, BBO#471320
Edward V. Colbert III BBO#566187
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, Massachusetts 02110
(617) 951-2800

L:\12865\pldg\01

-3-